

# THE ATTORNEY GENERAL

## OF TEXAS

**AUSTIN, TEXAS 78711**

JOHN L. HILL
ATTORNEY GENERAL

August 9, 1976

The Honorable Everett L. Anschutz
Executive Secretary
Employees Retirement System
   of Texas
P. O. Box 12337, Capitol Station
Austin, Texas   78711

Opinion No. H-859

Re:  Validity of rule
that state contribution
to employees' insurance
must be applied to the
state basic insurance
plan.

Dear Mr. Anschutz:

You have requested our opinion regarding the authority
of the Board of Trustees of the Employees Retirement System
to promulgate a rule requiring that state contributions
under article 3.50-2 of the Texas Insurance Code be applied
only to an approved "basic plan."  This question has arisen
because some state employees, principally those with private
hospitalization or life insurance plans wish to forego parti-
cipating in a basic plan of coverage and elect to participate
only in optional features of the program.

The Board of Trustees of the Employees Retirement
System is charged with the administration of the Texas
Employees Uniform Group Insurance Benefits Act, article
3.50-2, Texas Insurance Code.  Sections 3(a)(11), 4.  Pur-
suant to that authority, the Board has promulgated Rule
335.80.00.108, which provides:

> For each person covered either as an
> employee or as a retiree, an agency
> shall pay toward the cost of the employee's
> or retiree's group insurance coverage an
> amount equal to that authorized by the
> legislature in the general appropriations
> act.  That amount shall be applied only to
> the active employee basic plans or the
> retiree plan.   (Emphasis added).

By another rule, the Board has defined "basic plans" as "medical care coverages which provide one or more levels of benefits, including uniform life and accidental death and dismemberment coverages." Rule 335.80.00.109(c). "Retiree plan" refers only to "medical care benefits provided to retired employees." Rule 335.80.00.109(e). Under the Board's rules, a person would not be permitted to waive medical coverage while simultaneously receiving a state contribution for life insurance coverage.

Article 3.50-2 of the Texas Insurance Code provides, in section 4:

> The administration and implementation of this Act are vested solely in the trustee. . . . The trustee shall have full power and authority to promulgate all rules, regulations, plans, procedures, and orders reasonably necessary to implement and carry out the purposes and provisions of this Act in all its particulars, including but not limited to the following:
>
> (a) <u>preparation of specifications for all insurance provided by authority of this Act</u>;
>
> (b) <u>prescribing the time at which and the conditions under which an employee is eligible for all coverages provided under this Act</u>;
>
> . . . .
>
> (h) adoption of all rules and regulations consistent with the provisions of this Act and its purpose as it deems necessary to carry out its statutory duties and responsibilities;
>
> (i) development of basic plans of group insurance coverages and benefits applicable to all state employees . . . .
>
> . . . .
>
> (Emphasis added).

The trustee is required to "establish a plan or plans for active employees and retired employees," which "in the trustees' discretion may include but are not necessarily limited to," inter alia medical benefits, life insurance, and accidental death and dismemberment coverage.  Section 5(a).  Furthermore, the trustee is directed to establish a group life insurance program

> subject to the conditions and limitations
> contained in [the] Act and the trustee's
> rules and regulations promulgated pursuant
> thereto.  Section 11.

In our opinion, article 3.50-2 provides ample authority for the Board of Trustees to limit state contributions for group life insurance to persons who also participate in the basic plan of medical insurance.  Such a requirement may be deemed a "preparation of specifications" as permitted under section 4(a), and a prescription of "the conditions under which an employee is eligible for all coverages."  Section 4(b).  In addition, under section 5(a), the trustee is given discretion to require the inclusion of a variety of coverages in any plan which the trustee chooses to establish.  Finally, life insurance coverage is available, under section 11, "subject to . . . the trustee's rules and regulations . . . ." We believe that the Board of Trustees may direct thereunder that any life insurance program be tied to medical coverage.

When an administrative agency is granted broad rule-making authority, the "determining factor" is whether

> the rule's provisions [are] in harmony
> with the general objectives of the Act
> involved.  Gerst v. Oak Cliff Savings
> & Loan Ass'n, 432 S.W.2d 702, 706 (Tex.
> Sup. 1968).

Article 3.50-2, in listing seven purposes of the Texas Employees Uniform Group Insurance Benefits Act, declares that the first is

> to provide uniformity in life, accident,
> and health insurance and benefits coverages
> on all employees of the State of Texas.
> Section 2(a).

We believe that Rule 335.80.00.108 comports with the purpose
of providing uniformity in group insurance coverage.  Accordingly,
it is our opinion that such rule is valid, and thus, the Board
of Trustees of the Employees Retirement System may require
that state contributions under article 3.50-2 of the Texas
Insurance Code be applied only to an approved "basic plan"
or "retirees plan."

### S U M M A R Y

The Board of Trustees of the Employees
Retirement System, as trustee under the
Texas Employees Uniform Group Insurance
Benefits Act, article 3.50-2, Texas Insur-
ance Code, may promulgate a rule requiring
that state contributions thereunder be applied
only to an approved "basic plan" or "retirees
plan."

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb